UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JOSUE TORRES,

                                         Plaintiff,

-against-                                                                            04 Civ. 3640 (CM) ECF Case

VILLAGE OF SLEEPY HOLLOW, JOSE QUINOY,
Individually; PHILIP ZEGARELLI, Individually; and
JOSEPH DEFEO, Individually,

                                           Defendants.

------------------------------------------------------------------------x

**DECISION AND ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

McMahon, J:

**Introduction**

Plaintiff Josue Torres was a summer seasonal manual laborer for the Village of Sleepy Hollow's ("Village") Department of Public Works ("Department"), from the summer of 2001 through July of 2003. He became unable to work in July of 2003 because of a wrist injury. In 2004, after his injury was healed, he sought, but was denied re-hiring. Torres seeks summary judgment on his First Amendment retaliation claim against defendant Joseph DeFeo, the Superintendent of the Village. Plaintiff claims that he was not re-hired in the spring of 2004 because of a police brutality claim he had pending against the Village. The claim against DeFeo is one of several claims brought by plaintiff against the Village, DeFeo and Philip Zegarelli, the Mayor of Sleepy Hollow.

**Standard of Review**

Summary judgment will only be granted if there are no material facts in dispute. There are numerous questions of material fact here in question. Viewing the facts of this case in a light most favorable to the non-moving party, a reasonable jury would not necessarily find for the plaintiff. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).

**Facts**

Many of the facts of this case have already been recited in this Court's decision granting in part and denying in part defendant's motion for judgment on the pleadings. Torres v. Village of Sleepy Hollow, 379 F.Supp.2d 478, (S.D.N.Y. 2005). The reader is referred to that decision for a full description of the background to this action.

*Undisputed Facts*

The following facts are undisputed and are deemed proved for purposes of trial.

The Village has a three-step process for hiring seasonal workers. Pl.'s Reply Aff. ¶ 5. First, DeFeo reviews applications and decides which to recommend. Zegarelli Aff. ¶ 4, DeFeo Dep. 16-20. If DeFeo approves of an application, it is then reviewed by the hiring committee of the Department. If approved by the committee, it will be submitted to the Mayor and Board for final approval. Id. If DeFeo does not recommend the application, it gets left in the clerk's office. DeFeo Dep. 20. Therefore, though DeFeo does not have final hiring authority, by not recommending an applicant, he effectively has authority to prevent an applicant from being hired. After working the first year, because of his relationship with the Village, Torres did not

have to fill out a new application each year, but approval would still have to go through the formal hiring channels. Pl.'s 56.1 St. ¶ 3.

In 2001, upon request by a D.A.R.E. police officer, in order to help plaintiff "avoid getting into trouble," DeFeo reviewed Torres' application for seasonal employment. DeFeo then submitted it to the hiring committee, and plaintiff was hired. Pl.'s Local Rule 56.1 St. of Facts ¶ 2, Def.'s 56.1 St. ¶ 1.

Torres was subsequently re-employed, but in mid-July of 2003 he told DeFeo he had to stop working because he injured his hand. Def.'s 56.1 St. ¶ 2. When Torres came back to be re-hired after his injury had healed, DeFeo did not put Torres' name on the list of who should be hired that he gave to the hiring committee. Defeo Dep. 48-9.

*Summary Judgment is Not Appropriate*

Numerous issues of disputed fact preclude summary judgment in this case, including but not limited to: why DeFeo failed to put Torres' name on this list; whether DeFeo knew that Torres had a claim pending against the Village when he first refused to rehire plaintiff; why DeFeo recommended that Luis Lopez be rehired.

The motion for partial summary judgment is denied. The parties are on notice that they may be called for trial at any time after July 31, 2006.

This constitutes the decision and order of the Court.

Dated: June 20, 2006

_____
U.S.D.J.

BY FAX TO ALL COUNSEL